BEFORE THE SECOND DIVISION, APRIL 2, 1957

**No. 60595.**—Swift & Anderson, Inc. *v.* United States, protests 229441–K (New York).

LAWRENCE, Judge:   This proceeding relates to merchandise described on the consular invoice as "6″ Round glasses complete with brass bezels and brass set knob and pointers."

The collector of customs classified the merchandise as articles in chief value of base metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and imposed duty thereon at the rate of 22½ per centum ad valorem.

Plaintiff claims, by its protest, that the subject merchandise should be classified as parts of a machine in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739, dutiable at 13¾ per centum ad valorem.

The case was submitted for decision upon an agreed statement of facts which embodies some of the testimony taken in the case of *United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271.

The agreement, as stipulated, together with certain testimony referred to therein, is here set forth:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items on the invoice accompanying the entry covered by the above-named protest referred to as "6" round glasses complete w/brass bezels* and brass set knob and pointers" which were classified and assessed with duty at 22½% under Paragraph 397, Tariff Act of 1930 as modified by the President under the General Trade Agreement on Tariffs and Trade, as manufactures in chief value of base metal not specially provided for, consist of certain complete glass aneroid barometer face covers in chief value of brass, not plated with platinum, gold or silver, each of said complete face covers being composed of a glass face cover (sometimes referred to as a crystal) set in a brass bezel 6 inches in diameter, and in the center of which glass there is inserted a brass set knob and pointer, the said complete face cover being designed for use and used to cover the face of the aneroid barometer and to indicate a prior barometric reading. Such pointer is not the indicator needle referred to in the following paragraph of this stipulation (3) hereof, such pointer being set above the indicator needle and being stationary except when from time to time same is reset through a turning of the knob for the purposes of future barometric reading.

2. That said aneroid barometer with which said complete face cover is designed for use, is designed for use and is chiefly used in a home by members of a household as a household utensil, and is composed in chief value of base metal, not aluminum, not plated with platinum, gold or silver, and not enameled or glazed with vitreous glasses.

3. That said aneroid barometer, with which said complete face cover is designed for use, contains the same mechanism and motivating factors as the aneroid barometers that were the subject of decision in the case of *United States* v. *L. Oppleman Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271, and with respect to all of the aforesaid aneroid barometers in the operation of their mechanism the following testimony of Samuel Sanders given in the last cited case shall be deemed for all purposes to be incorporated and in evidence in this case, i. e.

A. The air pressure acting on this diaphragm, which I have marked "A", causes this lever, which is attached to the spring "L", which takes up a portion of the vacuum and transmits it to the lever "O". The lever "O", which is bearing on a lever "P", to which is attached a fine chain; the chain is attached to a staff marked "S" to which is attached the indicator needle "C" which shows on the dial, the air pressure, whether it is falling or rising.

Q. Is there a hairspring on that mechanism?—A. There is a hairspring.

Q. Does the spring, which you have marked "L", rise and fall to a slight extent when the vacuum, which you have marked "A", rises and falls?—A. Yes, sir.

\*     \*     \*     \*     \*     \*     \*

Q. Does the variance of that atmospheric pressure cause the diaphragm on that vacuum marked "A" to rise and fall?—A. Yes, sir.

\*     \*     \*     \*     \*     \*     \*

Q. Does anything move in Exhibit 1?—A. Yes, sir.

Q. What moves?—A. There are several things which move.

Q. Will you kindly name them?—A. The hairspring, the chain, and the lever move.

Q. How did you mark the lever?—A. The lever which moves is marked "P". The hairspring, which I could not mark, as it is too fine, and the indicator "C".

---

*(Note—A six-inch glass with bezel measures slightly more than six inches in diameter).

Q. Does the spring move, which you marked "L"?—A. That moves up and down.

JUDGE DALLINGER. How many different things there move when the atmospheric pressure changes?

THE WITNESS. Nine.

JUDGE DALLINGER. Nine things?

THE WITNESS. Yes, sir.

By Mr. TOMPKINS:

Q. Do they all move because of the pressure on the vacuum?—A. Yes, sir.

\*       \*       \*       \*       \*       \*       \*

The text of the competing provisions of the statutes, so far as pertinent here, is set forth below.

Paragraph 397, as modified, *supra*—

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*       \*       \*       \*       \*       \*       \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*       \*       \*       \*       \*       \*       \*

Other (\* \* \*)_____ 22½% ad val.

Paragraph 372, as modified, *supra*—

Machines, finished or unfinished, not specially provided for:

\*       \*       \*       \*       \*       \*       \*

Other (\* \* \*)_____ 13¾% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part:

\*       \*       \*       \*       \*       \*       \*

Other_____ The rate for the article of which they are parts

Upon reference to the first paragraph of the stipulation, *supra*, it will be observed that the parties have agreed that the importation in controversy consists "of certain complete glass aneroid barometer face covers in chief value of brass, not plated with platinum, gold or silver, each of said complete face covers being composed of a glass face cover (sometimes referred to as a crystal) set in a brass bezel 6 inches in diameter, and in the center of which glass there is inserted a brass set knob and pointer, the said complete face cover being designed for use and used to cover the face of the aneroid barometer and to indicate a prior barometric reading."

In the second paragraph of said stipulation, the parties have agreed that the aneroid barometer with which said complete face cover is intended for use "is designed for use and is chiefly used in a home by members of a household as a household utensil, and is composed in chief value of base metal, not aluminum, not plated with platinum, gold or silver, and not enameled or glazed with vitreous glasses."

In paragraph 3 of the stipulation, *supra*, the parties have agreed that an aneroid barometer with which said complete face cover is designed for use "contains the same mechanism and motivating factors as the aneroid barometers that were the subject of decision in the case of *United States* v. *L. Oppleman Inc.*, 25 C. C.

P. A. (Customs) 168, T. D. 49271, * * *," and therein held dutiable as machines in paragraph 372 of the Tariff Act of 1930.

In *J. E. Bernard & Company, Inc.* v. *United States*, 31 Cust. Ct. 86, C. D. 1548, we held that certain parts of so-called gladirons, which latter are household utensils, were excluded from paragraph 339 of the tariff act, inasmuch as there is no provision therein for parts of household utensils. Consequently, they were held properly classifiable as parts of articles having as an essential feature an electrical element or device in paragraph 353 of said act, as modified. The judgment of this court was affirmed on appeal in *United States* v. *J. E. Bernard & Company, Inc.*, 42 C. C. P. A. (Customs) 141, C. A. D. 586.

We have examined the authorities cited by defendant in support of its contention that the importation is not an integral, constituent, or component part of an aneroid barometer. However, a physical examination of the exhibits, coupled with the facts of record, satisfies us that the so-called complete face covers are integral, constituent, and necessary parts of an aneroid barometer.

In view of the foregoing and upon the authority of the *Oppleman* case, *supra*, we are of the opinion that the subject merchandise consists of parts, in chief value of brass, of aneroid barometers, which latter are machines for tariff purposes.

Inasmuch as the record before us discloses that the subject merchandise consists of parts of aneroid barometers of a kind which are concededly household utensils, we find and hold, applying the doctrine of the *Bernard* case, *supra*, that the importation in controversy should be classified in paragraph 372 of said act as parts of machines, not specially provided for, and dutiable, accordingly, at 13¾ per centum ad valorem, as claimed by plaintiff.

Judgment will be entered sustaining the protest, as above indicated, and directing the collector of customs to reliquidate the entry accordingly.

